IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan Dennis Carter, ) | C/A No. 0:14-1977-RBH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, *Broad River Correctional Institution*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Jonathan Dennis Carter, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 19.) Carter filed a response in opposition. (ECF No. 21.) Having carefully considered the parties' submissions and the record in this case, the court finds that Carter's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

## BACKGROUND

Carter was indicted in January 2005 in Lancaster County for second degree burglary (05-GS-29-43) and petit larceny (05-GS-29-44). (App. at 327-32, ECF No. 17-10 at 129-34.) Carter was represented by Ross A. Burton, Esquire, and on March 13-14, 2006, was tried by a jury and found guilty as charged. (App. at 313-14, ECF No. 17-10 at 113-14.) The circuit court sentenced Carter

PJG

to life imprisonment for second degree burglary and ten years' imprisonment for petit larceny, both sentences to be served concurrently. (App. at 323-25, ECF No. 17-10 at 123-25.)

Carter timely appealed and was represented by Eleanor Duffy Cleary, Esquire, of the South Carolina Office of Appellate Defense, who filed a brief on Carter's behalf. (ECF No. 17-1.) On July 24, 2008, the South Carolina Court of Appeals affirmed Carter's conviction and sentence. (State v. Carter, Op. No. 2008-UP-429 (S.C. Ct. App. July 24, 2008), ECF No. 17-3.) Carter did not file a petition for rehearing. The remittitur was issued on August 11, 2008. (ECF No. 17-4.)

Carter filed a *pro se* application for post-conviction relief on February 5, 2009 ("2009 PCR"). (Carter v. State of South Carolina, 09-CP-29-190, App. at 333-39, ECF No. 17-10 at 135-41.) On August 24, 2009, the PCR court held an evidentiary hearing at which Carter appeared and testified and was represented by Charles T. Brooks, III, Esquire. By order filed October 21, 2009, the PCR court denied and dismissed Carter's PCR application with prejudice. (App. at 367-72, ECF No. 17-10 at 169-74.)

Carter, represented by Appellate Defender Kathrine H. Hudgins, Esquire, of the South Carolina Commission on Indigent Defense, filed a Johnson[1] petition for a writ of certiorari on June 14, 2010. (ECF No. 17-5.) Carter filed a *pro se* response to the Johnson petition. (ECF No. 17-6.) On August 4, 2011, the South Carolina Supreme Court issued an Order in which it denied Carter's

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



petition for a writ of certiorari.  (ECF No. 17-7.)  The remittitur was issued August 23, 2011.  (ECF No. 17-8.)

Carter filed a second *pro se* application for post-conviction relief on September 19, 2011 ("2011 PCR").  (Carter v. State of South Carolina, 11-CP-29-1283, ECF No. 17-11.)  The State filed a return and motion to dismiss.  (ECF No. 17-12.)   The PCR court entered a Conditional Order of Dismissal on August 29, 2012 in which it provisionally denied and dismissed Carter's 2011 PCR application as successive to his prior PCR application and as untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a). (ECF No. 17-14.)  Carter filed a *pro se* response to the conditional order of dismissal.  (ECF No. 17-15.)  A Final Order was filed on May 29, 2013 which denied and dismissed with prejudice Carter's 2011 PCR application for the reasons stated in the conditional order of dismissal.[2]  (ECF No. 17-17.)

Carter filed the instant Petition for a writ of habeas corpus on May 15, 2014.[3]  (ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish

---

[2] On June 13, 2013, Carter filed a *pro se* document entitled "Opposition to the Final Order Filed May 29, 2013" with the PCR court.  (ECF No. 17-18.)  According to the respondent, no further action has been taken by the PCR court on this filing.  (See Respt.'s Mem. Supp. Mot. for Summ. J., ECF No. 17 at 4.)

[3] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Carter's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Gonzalez v. Thaler, 132 S. Ct. 641 (2012). Because Carter filed a direct appeal, his conviction became final on August 8, 2008—the expiration of the time in which Carter could have timely filed a petition for rehearing with the South Carolina Court of Appeals.[4] See Rule 221(a), SCACR (instructing that a petition for rehearing "must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court"); Gonzalez, 132 S. Ct. at 653-54 ("[B]ecause [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). Accordingly, the limitations period began to run on August 9, 2008 and expired August 8, 2009, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39

---

[4] Because Carter did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). The court observes that on February 19, 2009 the South Carolina Supreme Court stated that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review." State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009). However, Lyles had not been issued at the time of Carter's direct appeal.



(4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Carter filed his first state PCR application on February 5, 2009.  At that point, 181 days of non-tolled time had accrued since the period of limitations began to run.  The period of limitations was tolled during the pendency of the 2009 PCR action until August 23, 2011, when the South Carolina Supreme Court issued the remittitur from its order denying Carter's petition for a writ of certiorari.[5]  At this time, Carter had 184 days of statutory time remaining, which means that Carter had until February 23, 2012 to file a timely federal habeas corpus petition.

Carter filed a second PCR application on September 19, 2011.  However, this application did not toll the statute of limitations for the instant federal Petition because the PCR court dismissed it as untimely.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).  Therefore, Carter's statutory deadline expired on February 23, 2012.  Carter's federal Petition was filed on May 15, 2014—over two years after the expiration of the statute of limitations.

C.     **Carter's Response**

In his response to the respondent's argument that his federal Petition was untimely filed, Carter appears to present two arguments.  First, Carter appears to argue that the one-year statute of

---

[5] Although the respondent included a calculation of Carter's PCR action tolling the statutory deadline until the denial of certiorari on August 4, 2011, (see Respt.'s Mem. Supp. Summ. J., ECF No. 17 at 9), the court has used the date that the remittitur was issued out of an abundance of caution. See Gonzalez v. Thaler, 132 S.Ct. 641, 654 n.10 (2012) (distinguishing between the provisions of § 2244(d)(2) and (d)(1)); see also Rule 221(b), SCACR.



limitations should not begin to run until his receipt of the PCR court's order denying his 2011 PCR application. (See generally Petr.'s Resp. Opp'n Mot. Summ. J., ECF No. 21.) He further argues that, although the PCR court's final order was issued in May 2013, he did not receive it until December 2013, and the order he received was not signed by the judge. (Id.) As stated above, § 2244(d)(1)(A) is clear that the one-year statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Further, § 2244(d)(2) provides that the time that any *properly filed* PCR or other collateral review is pending will not be counted toward any period of limitation. As Carter's 2011 PCR application was dismissed as untimely, it was not "properly filed" and therefore did not toll the statute of limitations for his federal Petition. See Pace, 544 U.S. at 408. Accordingly, the date Carter received the PCR court's order dismissing his 2011 PCR application is irrelevant in the determination of the timeliness of his federal Petition.

Second, Carter appears to argue that he is entitled to equitable tolling of the statutory deadline because he has been diligently pursuing his rights and because some extraordinary circumstance stood in his way. (See Petr.'s Resp. Opp'n Mot. Summ. J., ECF No. 21 at 23.) To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Carter must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418 (citation omitted); see also Holland, 560 U.S. at 649. Equitable tolling is available only in

"those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (*en banc*) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Carter has not established grounds for equitable tolling. Although he argues that his hospitalization for approximately two-months in 2014 was an "extraordinary circumstance," this period of time occurred after the expiration of the statutory deadline and is therefore irrelevant in the determination of the timeliness of his federal Petition. Additionally, Carter has failed to provide sufficient information to demonstrate that he has been pursuing his rights diligently to timely file a federal habeas petition. See Pace, 544 U.S. at 418; see also Holland, 560 U.S. at 649; Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court); Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."). Carter has made no argument to explain why he waited over two years to file his federal Petition and has presented no extraordinary circumstances that prevented him from diligently pursuing his rights. Moreover, to the extent that Carter's arguments could be construed to allege that he is entitled to equitable tolling due to lack of knowledge of the law, they are unavailing. See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)



("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks and citations omitted).

## RECOMMENDATION

Based upon the foregoing, the court finds that Carter's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 18) be granted and Carter's Petition dismissed as untimely.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 12, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).