IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jonathan Dennis Carter, ) | Civil Action No.: 0:14-cv-1977-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, *Broad River Correctional Institution*, ) ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Jonathan Dennis Carter ("Petitioner"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 19, 2014.  *See* Pet., ECF No. 1.  On September 19, 2014, Respondent filed a motion for summary judgment and return and memorandum in support of its motion.  *See* ECF Nos. 17–18.  Petitioner timely filed a response in opposition to Respondent's motion on October 23, 2014.  *See* ECF No. 21.  On February 12, 2015, United States Magistrate Judge Paige J. Gossett issued her Report and Recommendation ("R & R"), recommending the Court find that the petition was not timely filed and is therefore barred by 28 U.S.C. § 2244(d).[1]  *See* ECF No. 24 at 9.  The Clerk of Court mailed a copy of the R & R to Petitioner that same day.  However, on February 19, 2014, it was returned as undeliverable with notations from the Broad River Correctional Institution (where Petitioner was housed) stating that Petitioner is deceased.  *See* ECF No. 28 at 1 (scan of returned envelope).

Federal courts have jurisdiction to hear cases and controversies.  U.S. Const. art. III, § 2.  An actual controversy must exist between the parties throughout all stages of the proceeding.  *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (citation omitted).  An action becomes moot when the issues "are

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

no longer 'live,'" *i.e.*, when the "parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). In these habeas proceedings the relief sought—petitioner's immediate release from custody—is unique to the petitioner himself and cannot be transferred. "In other words, the claims [are] extinguished upon [a] petitioner's death and no party can be substituted for him." *Pennewell v. Carey*, No. 2:06–cv-0598 JKS EFB, 2008 WL 1860166, at *1 (E.D. Cal. Apr. 23, 2008) (citing Fed. R. Civ. P. 25(a)). "Because petitioner's death renders this case moot, the petition for writ of habeas corpus should be dismissed as moot." *Garceau v. Woodford*, 399 F.3d 1101 (9th Cir. 2005); *see also Hailey v. Russell*, 394 U.S. 915 (1969); *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) ("Accordingly, we conclude that Keitel's habeas petition has been rendered moot by his death. We note that our decision is in accord with that of every other Court of Appeals to have considered this issue."); *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998); *Neal v. Warden*, 7 F.3d 225, 1993 WL 369260, at *1 (4th Cir. Sept. 22, 1993) (table) ("[W]e take judicial notice of [petitioner's] death and dismiss this appeal as moot."); *Waclawski v. Romanowski*, No. 2:12-CV-10863, 2013 WL 607774 (E.D. Mich. Feb. 19, 2013); *Urioste v. Mendoza-Powers*, No. 1:07-cv-01164-LJO-SMS (HC) (E.D. Cal. Mar. 12, 2008).

Therefore, it is **ORDERED** that Petitioner's § 2254 petition is **DISMISSED AS MOOT**.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 5, 2015

2